Thacher, J.
I have not altered the opinion which I expressed in the case mentioned by one of the counsel for the plaintiff. I then thought that the notice was sufficient; such notice as the law requires; the consequence is, that, in my opinion, the plea' in bar is good, and that the defendant is entitled to judgment.
Sewall, J.
In this case, it has been argued that the statute means either, first, that the last notification should be printed [ * 254 ] thirty days previous to * the sale, or, secondly, that the first notification should have been printed that length of time previous ; and that the statute was intended to alter the mode only, not the time of giving notice.
As to the first, the construction mentioned is absurd; and as to the second, the construction which seems to be relied on, is against the express words of the statute: it is clear to my mind, that the legislative provision in the second act extends to the time as well as to the mode of notice; and that it would have been difficult to use words which should more clearly express that intention. The last act mentions the then existing provision as to the notice to be given by administrators; it does not repeal the former law, but provides for perpetuating the evidence, &c., and then subjoins—“ and the printing a notification three iveeks successively, &c., shall be deemed equivalent to the posting up notifications as aforesaid.” Here, then, is a new mode pointed out. which may, when the Court shall direct, *193 be followed instead of the other; and the words used which relate to the mode are not more clear, definite, or positive, than those which relate to the time. The first act says, notifications shall be posted up thirty days previous to the sale; the second act says, notifications shall be printed three weeks successively ; the mode of notice mentioned in the second act is not more clearly distinguished from the former, than the time mentioned in the second is from that prescribed in the first act. For what reasons then are the Court to give such a construction, as is either absurd in itself, or unreason able, or against the obvious meaning of the express and positive words of the statute ? I am clearly of opinion that the plea in bar is sufficient.
Sedgwick, J.
Thére is no doubt that an authority must be ex actly pursued; and, therefore, that the requisites of the law must in this case have * been strictly complied with. [ * 255 ] If the law required that all or any of the publications should be thirty days previous to the sale, the defendant has broken his covenant; otherwise not. The first act requires notifications to be posted up thirty days previous to the sale; the second act, the act upon which the defendant relies, provides that printing a notification three weeks successively shall be deemed equivalent to the posting up of notifications as aforesaid. In this case, it appears by the plea, and is confessed by the demurrer, that the notification was printed three weeks successively, and in the paper pointed out by the order of the Court which authorized the sale. The defend ant then Has brought his case within the express words of the statute ; and as it appears to me, it is within the sense, the plain and obvious meaning of the words ; nor can. I conceive any reason for giving them any other construction, than that which arises from the common and obvious import of the words used in the act. It is not contended by the plaintiff’s counsel that the object intended would not be as fully and completely attained by the notice pleaded, as if the first notification had been printed 30 days previous to the sale. Surely then there is no reason for going beyond the words of the statute, where there is no purpose to be answered by it.
• The construction upon which the plaintiff relies would, if adopted and made a decision of the Court, shake many sales which have been made by executors and administrators—a consideration which ought, perhaps, to have some weight; but were the present case the only one of the kind, I should be of the opinion which I have already given, (a)

Judgment for the defendant.

 [Vide Revised Statutes, c. 71, § 15.—Ed.]