MARY CONNERS & others *vs.* THOMAS HOLLAND.

Upon a contract to pay a sum of money in instalments, the payments to commence at a future time "with interest," the interest begins to run from the making of the contract. The death of the mortgagor does not defeat or suspend a power of sale contained in a mortgage.

TORT, in the nature of trespass *quare clausum fregit*, for entering into the plaintiffs' close and dwelling-house, and ejecting them therefrom. The defendant claimed title through a purchaser at a sale under a power of sale contained in a mortgage of the premises made by one Michael Conners, the father of the plaintiffs.

By the agreed statement of facts, upon which the case was submitted in the Superior Court, it appeared that Michael Conners, March 13, 1872, executed a mortgage in which, after a covenant that the granted premises were free from all incumbrances except one mortgage for $870, there was the following proviso : " Provided, nevertheless, that if the said grantor or his heirs, executors, administrators, or assigns, shall pay unto the said grantee, or his executors, administrators, or assigns, the sum of five hundred and thirty dollars, in semi-annual instalments ,of twenty-five dollars each, said payments to commence when said first mortgage shall have become due, with interest semi-annually

at the rate of eight per cent. per annum, and until such payment shall pay all taxes and assessments on the granted premises, and shall not commit or suffer any strip or waste of the granted premises, then this deed, as also one note of even date herewith, signed by the said Michael Conners, whereby he promises to pay to the said grantee or order the said sum and interest at the times aforesaid, shall be void."

The "first mortgage" for $870, named in the mortgage, was not due October 7, 1872. Michael Conners died August 12, 1872, intestate, and the plaintiffs are his heirs at law.

No interest was ever paid on the mortgage note after it was given. The premises were duly advertised for sale under the power of sale contained in the mortgage, and were sold at auction October 7, 1872, for an alleged breach of the condition. The entry and eviction were admitted, and the question to be determined was the validity of the sale upon these facts. Judgment was given for the defendant, and the plaintiffs appealed.

*T. G. Kent*, for the plaintiffs.

*H. E. Fales*, for the defendant.

MORTON, J. It is conceded that the plaintiff cannot recover if the sale under the provision contained in the mortgage of Michael Conners was valid. This depends upon the question whether interest was over due under the mortgage at the time the advertisement and sale took place.

The mortgagor covenants that the granted premises "are free from all incumbrances except one mortgage for $870," and the condition of the mortgage is as follows: "Provided, nevertheless, that if the said grantor or his heirs, executors, administrators, or assigns, shall pay unto the said grantee, or his executors, administrators, or assigns, the sum of five hundred and thirty dollars, in semi-annual instalments of twenty-five dollars each, said payments to commence when said first mortgage shall have become due, with interest semi-annually at the rate of eight per cent. per annum, and until such payment shall pay all taxes and assessments on the granted premises," then the deed shall be void.

The plaintiffs contend that no payment of interest was to be made until the prior mortgage became due ; but such is not the fair construction of the contract.

The mortgage note is a contract to pay the principal by instalments commencing at a future day, and to pay interest semi-annually. Upon such a contract interest begins to run from the date of the note, and the first payment is due at the expiration of the first half year. The holder of the note may sue for each half year's interest as it becomes due, although the principal is not due. *Hastings* v. *Wiswall*, 8 Mass. 455.

It follows that by the failure on the part of the mortgagor to pay the interest at the expiration of the first half year there was a breach of the condition of the mortgage, which authorized the mortgagee to sell the premises under the power contained in the mortgage, although no part of the principal had then become due. The ground taken by the plaintiffs, " that the sale under the mortgage was unwarranted prior to the appointment of an administrator of the mortgagor," cannot be sustained. The death of the mortgagor does not defeat or suspend the power contained in the mortgage. *Varnum* v. *Meserve*, 8 Allen, 158.

*Judgment for the defendant.*