ALONZO DEXTER *vs.* OTIS SHEPARD & others.
SAME *vs.* SAME.
SAME & another *vs.* SAME.

Suffolk. Nov. 19, 1874. — May 7, 1875. WELLS & DEVENS, JJ., absent.

The first publication of a notice of a sale under a power contained in a mortgage, which requires the notice to be published "once each week for three successive weeks," need not be made three weeks before the time appointed for the sale.

Under a mortgage of land containing a power of sale, the mortgagee may, in the exercise of a reasonable discretion, adjourn the sale from time to time.

The notice of an adjournment of a sale under a power contained in a mortgage need not be as minute and specific as the original advertisement.

If a mortgage of land, containing a power of sale, expressly authorizes the mortgagee to purchase at any sale under the power, he may do so by the intervention of a third person.

It is no ground for setting aside a sale made under a power contained in a mortgage of land, whereby the mortgagee was authorized to purchase, that he arranged with a third person to bid a sum not less than the amount of the mortgage and expenses.

THREE BILLS IN EQUITY, to redeem three parcels of land in that part of Boston formerly Roxbury, from mortgages made by Alonzo Dexter to Otis Shepard. Hearing before *Wells*, J., who made a report in substance as follows :

The mortgage in the first and second case was to secure the sum of $2500, and, in the third case, the sum of $900. Each mortgage contained a power of sale in the usual form, providing that the mortgagee, upon any default in the performance of the conditions, might sell the granted premises " by public auction, first publishing a notice of the time and place of sale, once each week for three successive weeks, in one or more newspapers published in said Boston." " The said grantee, or his executors, administrators or assigns, or any person or persons in their behalf, may purchase at such sale."

The mortgagor did not pay the first two instalments of interest, and on October 16, 23 and 30, 1869, the mortgagee advertised the land for sale, by separate advertisements for each mortgage, in the Suffolk County Journal, a weekly newspaper published in Boston, appointing November 5, 1869, at three o'clock P. M., as the time for the sale.

At the time appointed for the sale, very few persons were present ; and there having been some negotiations for adjustment, an adjournment was made, announced at the place of sale, to November 19. The negotiations proving ineffectual, notices of the adjourned sale were published in the Boston Daily Advertiser, on November 17 and 18, as follows : " By F. D. Osgood, real estate auctioneer and agent ; office, No. 1 Soren's Block, Boston Highlands. Postponed mortgagee's sale of four houses, being in a block of six, and two lots of land, on Grove Hall Avenue, nearly opposite Moreland Street, Boston Highlands. On Friday, November 19, at three o'clock, P. M. Said houses contain twelve conveniently arranged rooms, and are in every respect desirable for residences. They will be sold without reserve, as also two lots of land adjoining the aforesaid houses.

" By order of Otis Shepard, mortgagee."

Notice was also given by one hundred and twenty-five posters or handbills, in large type, (whose contents were not shown at the hearing,) which were distributed in public places a few days before the sale. The sale of each of the three parcels was made

on November 19, a reasonable number of persons, including the plaintiff Dexter, being present, and the sale being properly conducted in all respects, unless the objections herein specified shall be held to be such as to render it invalid.

The plaintiff sought to impeach the validity of the sale on the following grounds: 1. That the original notice was not published the requisite length of time before the time appointed for the sale. 2. That the power of sale did not authorize an adjournment; and that such adjournment, and the sale in pursuance thereof, were invalid. 3. That the notice of the adjourned sale was erroneous in fact as to the description of the property, and such as to mislead persons who might otherwise have become purchasers. 4. That the provision allowing the mortgagee to become a purchaser is contrary to law and void; and that the sales under which he became interested in the purchase were void for that reason.

The judge found that the adjournment was reasonable and proper under the circumstances, if within the authority conferred by the power; and that the plaintiff Dexter, although requesting that the sale should not take place on November 5, and present at the sale November 19, did not consent to the sale nor intend to waive any legal rights.

The property of Dexter consisted of a brick block of five houses and two vacant lots. Four of the houses and the two vacant lots were offered for sale at the same time. There was no other block of five or six houses in the vicinity; but there was a separate house in a line with Dexter's, and ten feet from it, on the same street.

Previously to the sale, Otis Shepard requested his brother, Charles A. Shepard, one of the defendants, to protect his interests as mortgagee by bidding enough to cover the amount due and expenses of sale. In pursuance of this request, the parcel for which the first bill is brought was bid off by Charles A. at $2850, and subsequently conveyed to him by Otis Shepard. Charles A. conveyed it for the same price to the defendants Horace L. Shepard and W. R. Chester, to whom Otis Shepard had negotiated a sale of the same. The purchase money was paid directly from them to Otis Shepard, Charles A. never having had any real interest in it. Horace L. Shepard and Chester subsequently conveyed in mortgage to the defendant Elizabeth Hutch-

ins, and the equity to the other defendant, Prentiss, neither of whom had any knowledge or notice of any ground of invalidity in the sale, and were purchasers for value and in good faith. There was no evidence to charge H. L. Shepard and Chester with notice, unless the fact of negotiating their purchase with Otis Shepard constitutes such notice.

The parcel named in the second case was bid off by the defendant Edward McKechnie, who was also requested by Otis Shepard to attend the sale and bid the amount of the mortgage and expenses. Upon his expressing doubts whether the property was worth so much, Otis Shepard said that he would share with him the profit or loss of the purchase, and of finishing the house for resale. The property was thereupon bid off by McKechnie for $2850 ; and on the same day, but after the sale, an agreement in accordance with their previous conversation was drawn up and signed by them ; and the property was conveyed to McKechnie. The building on the premises was then in an unfinished state, requiring from $300 to $800 to complete it. McKechnie proceeded to finish it, and sold it when finished to one Miles, not made a party to the bill, who sold it to the defendant Hines. By mutual arrangement, McKechnie conveyed it directly to Hines May 27, 1870, the consideration being $4200. McKechnie testified that he sold to Miles for $3775 ; that it cost him more than his advance to complete the building, and grade the grounds about it ; and that he had paid nothing on account of profits to Otis Shepard, and had no settlement with him. There was no evidence that Hines was not a purchaser for value, in good faith and without notice ; and the judge found that he was so.

The parcel named in the third case had no building upon it at the time of sale. It was bid off by Charles A. Shepard, by request and in behalf of Otis Shepard, was conveyed to him and reconveyed to Otis Shepard, in pursuance of that arrangement. Otis Shepard agreed on February 28, 1870, in writing, to sell it to the defendants for $1233. It was conveyed to Tibbets, October 14, 1870, he having in the mean time erected a house thereon at a cost, as he testified, of $5500. The plaintiff testified that he warned Tibbetts that if he bought that land he would buy a lawsuit. But the judge found that Tibbetts was not chargeable with notice of the alleged invalidity of the sale, at the time of his pur-

chase in February, 1870, unless the fact of making the purchase from Otis Shepard makes him so. The judge ruled, that even if he were so chargeable, the omission of the plaintiff to take any proceedings to vacate the sale, for so long a time, while the defendant Tibbetts was openly making such expenditures upon the premises, was such laches as to deprive him of the right to defeat the title of Tibbetts, so acquired.

The plaintiff made two mortgages to S. T. Ames after those to Shepard, and subject to those mortgages. These mortgages were assigned by Ames to E. S. Johnson ; and on Johnson's application, he was made a plaintiff.

The judge did not find that the arrangements made by Otis Shepard with Charles A. Shepard and with McKechnie were made with any view to prevent competition at the sale, or to depreciate the price, or with any other view than to secure the full amount of the mortgage debt and expenses.

The judge ruled : 1. That the sales were not void for any of the causes relied on. 2. That even if avoidable originally, the plaintiff could not avoid them now, against the present holders of the several estates. 3. That Charles A. Shepard, having retained no interest in the estate, or in the proceeds or profits therefrom, cannot be charged in the suits, upon any ground. 4. That the sale was valid under the power ; and ordered the several bills to be dismissed, with costs.

From these decrees the plaintiffs appealed ; and by their request, and consent of the several defendants, the cases were reported as above for the consideration of the full court. If either of said rulings was erroneous, such orders or directions for the further hearing or disposition of the causes, or either of them, in whole or in part, to be made as the court should deem fit.

*A. A. Ranney*, for the plaintiffs.

*J. J. Clarke, J. S. Abbott, A. C. Clark, E. H. Abbot & W. S. Macfarlane*, for the defendants, were not called upon. '

AMES, J. The notice of the time and place of sale was given in exact conformity to the terms of the power. There is nothing in the mortgage that requires the first advertisement to be published three weeks before the time appointed for the sale. This point is fully disposed of by the decision in *Frothingham* v *March*, 1 Mass. 247.

It is equally well settled that a mortgagee has a right, in the exercise of a reasonable discretion, to adjourn the sale from time to time. He is acting not only in his own right, but also as the attorney or agent of the mortgagor; and although the immediate occasion and purpose of the sale is to enforce the payment of the debt due to himself, he is in fact a trustee for the benefit of all parties in interest. In that fiduciary relation, it is his duty to get the best price for the property that he can, and to take all proper and reasonable precautions that it shall bring its full value. If in the exercise of a sound discretion, and acting in good faith, he finds it expedient to adjourn the sale, he has a right to do so. *Hosmer* v. *Sargent*, 8 Allen, 97. *Richards* v. *Holmes*, 18 How. 143. The report shows that it was a reasonable and proper thing to do, in order to prevent the property from being sacrificed, and at the same time to prevent the loss of the labor and expense already incurred in giving the notice.

The notice of the adjournment was sufficient. It was not necessary that it should be as minute and specific as the original advertisement. A sale regularly adjourned is, when made, in effect the sale of which previous notice had been given. *Richards* v. *Holmes*, *supra*. The notice given could not have misled any one, and had the effect to increase the attendance at the sale.

The objection that the mortgagee had no right indirectly to be the purchaser would be of no avail against persons who have subsequently purchased of him in good faith, upon adequate consideration and without notice. *Burns* v. *Thayer*, 115 Mass. 89. *Montague* v. *Dawes*, 12 Allen, 397. Several of the defendants, namely, Hines, Prentiss, Hutchins and Tibbetts, stood in that position before any attempt was made by Dexter to avoid the sale. As to these defendants, and also as to Charles A. Shepard, who retains no interest in the estate or in its proceeds, the bill clearly cannot be maintained.

But by the terms of the power the mortgagee is expressly authorized to be the purchaser at the sale. As it would be impossible for him to be both grantor and grantee in the deed to be given at such sale, the only mode in which he could himself be the purchaser would be by the intervention of some third person as the nominal purchaser and grantee. In proceeding in this

manner, he would be held to the strictest good faith and the utmost diligence for the protection of the rights of the debtor. *Montague* v. *Dawes*, 14 Allen, 369. It is a transaction which the law would watch with jealousy; but nothing is disclosed in this report that indicates any want of good faith on his part, or any violation of the mortgagor's rights.

The arrangements made by the plaintiff that each lot should be struck off at a sum not less than the amount of the mortgage and the incidental expenses, were not intended, and could have no tendency to prevent competition at the sale, or to depreciate the price. It is no injury to the mortgagor to have it made certain that the sale will at least pay the whole of the mortgage debt, and at the same time not impair the chances that there will be a surplus for his benefit.

For these reasons, we are of opinon that the power of sale was properly executed, and the                *Decrees are affirmed.*