## Sarah E. M. A. Hall *vs.* Harrison Bliss & others.

Worcester. October 8. — 22, 1875. Wells & Ames, JJ., absent.

A mortgagee selling under a power of sale in the mortgage may, if its terms authorize him so to do, be the purchaser at the sale, and make the deed in his own name directly to himself.

A mortgagee sold the mortgaged premises under a power of sale in the mortgage, which empowered him, upon breach of condition, to sell the premises and convey the same, in his own name or as the attorney of the mortgagor, by proper deeds to the purchaser absolutely and in fee simple, and provided that the mortgagee, or any person in his behalf, might purchase at the sale. The deed was made by the mortgagee, both in his own name and as attorney of the mortgagor, directly to himself. *Held*, that the power was properly executed, that the deed conveyed a valid title to the mortgagee, and that the fact of the mortgagor's bankruptcy prior to the sale did not affect the authority of the mortgagee to execute the deed in his name and as his attorney.

BILL IN EQUITY, filed October 28, 1874, to redeem a parcel of land in Blackstone from a mortgage.

At the hearing before *Colt,* J., the following facts were admitted :

The plaintiff is the wife of Edward S. Hall, of the city of New York, who, on January 24, 1870, being the owner of a manufacturing establishment in Blackstone, consisting of real and personal estate, mortgaged the same to Alexander T. Stewart, of New York, to secure the payment of $80,000 on demand with interest, the plaintiff joining in the mortgage, in release of her right of dower. The mortgage contained the following clauses :

" Provided, nevertheless, that if the said grantor, or his heirs, executors, administrators or assigns, shall pay unto the said grantee, or his executors, administrators or assigns, the sum of eighty thousand dollars on demand, with interest semi-annually, at the rate of seven per cent. per annum, and until such payment shall pay all taxes and assessments on the granted premises, shall keep all buildings thereon insured against fire in a sum not less than eighty thousand dollars, for the benefit of the said grantee and his executors, administrators and assigns, at such insurance office as they shall approve, and shall not commit, or suffer any strip or waste of the granted premises, then this deed, as also a note of even date herewith, signed by the said Edward S. Hall, whereby he promises to pay to the said grantee or order the said sum and interest, at the times aforesaid, shall be void. But upon any default in the performance of the foregoing condition, the said grantee or his executor, administrators or assigns, may sell the granted premises, with all improvements that may be thereon, and all the fixtures and machinery therein contained, by public auction in said town of Blackstone, first publishing a notice of the time and place of sale, once each week for three successive weeks, in one or more newspapers published in said county of Worcester, and in their own name, or as the attorney of the said grantor, may convey the same by proper deed or deeds to the purchaser or purchasers, absolutely and in fee simple ; and such sale shall forever bar the grantor, and all persons claiming under him, from all right and interest in the granted premises, whether at law or in equity ; and out of the money arising from such sale,

the said grantee, or his representatives, shall be entitled to retain all sums then secured by this deed, whether then or thereafter payable, including all costs, charges and expenses incurred or sustained by reason of any failure or default on the part of the said grantor or his representatives to perform and fulfil the condition of this deed or any covenant or agreement herein contained; rendering the surplus, if any, together with an account of all such costs, charges and expenses to the said grantor or his heirs or assigns. And it is agreed that in case any sale shall be made as aforesaid, the grantor, or his heirs or assigns, will, upon request, execute and deliver such further deeds or instruments as may be necessary or proper to confirm such sale and to vest a perfect title to the premises sold in the purchaser thereof; that the said grantee, or his executors, administrators or assigns, or any person or persons in their behalf, may purchase at said sale, and that no other purchaser shall be answerable for the application of the purchase money."

On October 31, 1871, the mortgage debt being unpaid, Stewart entered upon the real estate to foreclose the mortgage, and recorded a certificate of his entry. On December 1, 1871, Hall being then the owner of the mortgaged property, subject to the mortgage, was adjudged a bankrupt, upon his own petition, by the District Court of the United States for the Southern District of New York, and on January 19, 1872, John H. Platt was appointed his assignee and received an assignment of his estate in due form. The mortgage debt remaining unpaid, Stewart advertised the mortgaged property for sale by public auction, under the power on December 13, 1871, and, at the auction sale held on that day, bid off the whole property, in his own name, for $50,000, and executed, under seal, in his own name, and as the attorney of Hall, a deed, which, after reciting the making of the mortgage to him, the power of sale, the default, the publication of the notice and sale, proceeded as follows: "Now, therefore, know all men, that we the said Edward S. Hall, by Alexander T. Stewart, his attorney, duly authorized as aforesaid, and Alexander T. Stewart, by virtue and in execution of the power contained in said mortgage deed as aforesaid, and of every other power and authority me hereto enabling, do, in consideration of fifty thousand dollars to me paid by the said Alexander T. Stew-

art, of said New York, hereby give, grant, bargain, sell and con-
vey unto the said Alexander T. Stewart, all and singular, the
premises conveyed by the aforesaid mortgage deed," " to have
and to hold the same to the said Alexander T. Stewart and his
heirs and assigns, to their use and behoof forever. In witness
whereof we, the said Edward S. Hall and Alexander T. Stewart,
have hereunto set our hands and seals this twenty-third day of
December, 1871.                    Edward S. Hall, [Seal.]
                          " by Alexander T. Stewart, Atty.
                          "Alexander T. Stewart. [Seal.] "

This instrument was acknowledged the same day, and, with
Stewart's affidavit of his doings, was recorded on December 27,
1871.

On March 5, 1872, Stewart conveyed all said mortgaged prop-
erty, by quitclaim deed, to Platt as assignee, who, on the same
day, conveyed the same to the defendants.

The property insured was partly destroyed by fire, February,
1873, and the defendants received a considerable amount of insur-
ance money therefor.

The case was reserved, upon the foregoing facts, for the consid-
eration and determination of the full court. If the court should
be of the opinion that the plaintiff's right to redeem was barred,
then the plaintiff's bill was to be dismissed ; otherwise the case to
be sent to a master to take the accounts necessary for the further
determination of the case.

*T. L. Nelson & A. G. Bullock,* for the plaintiff. As the plain-
tiff's bill was filed within three years after the entry to foreclose,
her right to redeem the mortgage is clear, unless it is barred by
the other proceedings. *Davis* v. *Wetherell,* 13 Allen, 60.

The power of sale was never properly executed. Stewart was
authorized, in case of a default in the performance of the condi-
tion of the mortgage, to sell the mortgaged premises at public
auction, and to convey the same to the purchaser at such sale,
either by his own deed, or by the deed of Hall, executed by Stew-
art as his attorney. No other method of executing the power
was provided, and unless the power has been so executed, the
mortgage has never been foreclosed and the plaintiff's right of
redemption is still outstanding. The instrument relied upon as
effecting a sale of the premises to Stewart is not a good execution

of the power. It is not the deed or conveyance of Hall or of his grantee, or of Stewart.

It was impossible for Stewart to make a deed to himself, either in his own name or as the attorney of Hall. *Dexter* v. *Shepard*, 117 Mass. 480. *Jackson* v. *Colden*, 4 Cowen, 266. *Varnum* v. *Meserve*, 8 Allen, 158. *Montague* v. *Dawes*, 12 Allen, 397; *S. C.* 14 Allen, 369. 4 Cruise Dig. (Greenl. ed.) tit. 32, *c.* 1, § 25, note. Gen. Sts. *c.* 89, § 2.

The power of sale is to be strictly construed, and no title passes under it, unless all the conditions thereof are strictly complied with. *Smith* v. *Provin*, 4 Allen, 516. *Montague* v. *Dawes*, 14 Allen, 369. *Roche* v. *Farnsworth*, 106 Mass. 509. *Powell* v. *Monson & Brimfield Manufacturing Co.* 3 Mason, 347. 2 Perry on Trusts, (2d ed.) § 602.

The transaction cannot be supported by the clause in the mortgage which authorized the mortgagee, or any. person or persons in his behalf, to purchase at the sale. If it was intended by that clause to constitute such an instrument a deed or conveyance, the clause was simply void. But it may well be construed as authorizing the mortgagee to bid in the estate at the sale, and to take a conveyance through a third person. *Dexter* v. *Shepard*, 117 Mass. 480.

As an execution of the power of attorney from Hall, this execution is inoperative, because Hall had been adjudged a bankrupt, and the power of attorney thereby revoked. *Varnum* v. *Meserve*, 8 Allen, 158. Story on Agency, (7th ed.) § 482.

*G. F. Hoar*, for the defendants.

GRAY, C. J. Although equity will not allow the holder of a mortgage containing a power of sale to become a purchaser at a sale under the power, unless expressly so authorized by the terms of the mortgage; *Downes* v. *Grazebrook*, 3 Meriv. 200; *Dyer* v. *Shurtleff*, 112 Mass. 165; there is no doubt that, under a mortgage containing such provisions as that now before us, a purchase made by the mortgagee and for his sole benefit is valid and effectual to cut off all right of redemption, provided the mortgagee faithfully discharges in all respects the duties imposed upon him as donee of the power; and that in the case at bar, if the land had been conveyed by him to one purchasing in his behalf, and immediately reconveyed to him by the latter, the power would

have been well executed. *Dexter* v. *Shepard*, 117 Mass. 480. *Wilson* v. *Troup*, 7 Johns. Ch. 25, and 2 Cowen, 195.

The plaintiff contends that the deed executed in this case was void, because it was made by the mortgagee directly to himself. But this position is founded upon a misapprehension of the legal nature and effect of a mortgage with power of sale, and of a deed made in execution of the power.

Such a mortgage vests a seisin and a conditional estate in the mortgagee, with a power superadded to convey an absolute estate by a sale pursuant to the terms of the power. The execution of the power does but change, in accordance with the terms of the mortgage deed, the uses upon which the estate is to be held. The purchaser at the sale takes, not as the grantee of the mortgagee, but as the person designated or appointed by the mortgagee in execution of the power, and derives his title from the mortgagor, as if the designation or appointment had been inserted in the original deed, and the seisin or interest to serve the estate is raised by that deed. Butler's note to Co. Lit. 271 *a.* 1 Sugd. Pow. (7th ed.) 242. 2 Sugd. Pow. 22, 23. 4 Kent Com. (12th ed.) 327, 337.

The books afford many illustrations of this principle. The donee may convey a fee, if authorized by the terms of his power, although by the instrument creating it he has himself only an estate for life. Butler's note to Co. Lit. *ubi supra. Sedgwick* v. *Laflin*, 10 Allen, 430. So a deed or will of a married woman may be a valid execution of a power, when it could not take effect as a deed or will. *Cranston* v. *Crane*, 97 Mass. 459. *Logan* v. *Bell*, 1 C. B. 872. Although a husband cannot at common law convey to his wife, yet he may make an immediate appointment to her. *Butler's case*, cited Benl. 180, and Latch, 139. *Sergison* v. *Sealy*, 9 Mod. 390; *S. C.* 2 Atk. 413, note. 2 Sugd. Pow. 24. And if the terms of the power allow it, the donee of a power may appoint to the use of himself in fee, and execute the power by a deed directly to himself. *Townshend* v. *Windham*, 2 Ves. Sen. 1, 9. *Barford* v. *Street*, 16 Ves. 135. *Mackintosh* v. *Barber*, 1 Bing. 50; *S. C.* 7 Moore, 315. 1 Sugd. Pow. 142, 143. Sugd. Vend. (14th ed.) 69. Williams on Real Property, (4th ed.) 245.

The decision in *Field* v. *Gooding*, 106 Mass. 310, that, upon a sale under a power in a mortgage, the wife of the mortgagor might be the purchaser and have the estate conveyed to her, is in no wise inconsistent with this view. The fact that the husband had previously sold the equity of redemption relieved that case from the difficulties which might have existed if he had owned it at the time of the sale. See *Tucker* v. *Fenno*, 110 Mass. 311. The intervention of the mortgagee as donee of the power removed the technical objection that the husband could not convey directly to his wife. A husband may covenant with a third person to stand seised to the use of his wife. *Thatcher* v. *Omans*, 3 Pick. 521. *Johnson* v. *Johnson*, 7 Allen, 196. And even a deed of bargain and sale may operate as a covenant to stand seised, when it is necessary that it should have that effect in order to carry out the manifest intention of the parties. *Pray* v. *Pierce*, 7 Mass. 381, 384. *Russell* v. *Coffin*, 8 Pick. 143, 151. *Trafton* v. *Hawes*, 102 Mass. 533, 541.

The suggestions in *Dexter* v. *Shepard*, 117 Mass. 480, and in *Jackson* v. *Colden*, 4 Cowen, 266, that upon a sale under the power in a mortgage, the deed could not be made by the mortgagee to himself, were by way of argument only, and not of adjudication ; for in *Dexter* v. *Shepard* the purchase and conveyance were made through a third person ; and in *Jackson* v. *Colden* the court held that under a statute containing provisions similar to those of this mortgage, no deed was necessary when the mortgagee became the purchaser at the sale, and, although the counsel on both sides and the other judges assumed that it would be impossible to make such a deed, Chief Justice Savage implied that, if any deed was necessary, a deed from the mortgagee to himself would be valid.

In the case at bar, the mortgage provides in the most distinct terms that either the mortgagee or any person in his behalf may purchase at the sale, and that the deed to the purchaser may be made by the mortgagee, either as the attorney of the mortgagor or in his own name. The deed might therefore be executed in either form. *Cranston* v. *Crane*, 97 Mass. 459, 464. And the deed before us is actually executed in both.

The power, being coupled with an interest in the estate conveyed, could not be revoked by the mortgagor ; and the authority

of the mortgagee to execute it in the mortgagor's name and as his attorney was not affected by his bankruptcy; for his assignee could only take subject to the rights of the mortgagee. *Dixon* v. *Ewart*, 3 Meriv. 322. Story on Agency, § 482. Gen. Sts. *c.* 140, § 39. And the authority to execute the power in the name of the mortgagee would continue notwithstanding the bankruptcy, or even the death, of the mortgagor. *Corder* v. *Morgan*, 18 Ves. 344. *Varnum* v. *Meserve*, 8 Allen, 158. *Conners* v. *Holland*, 113 Mass. 50. *Bergen* v. *Bennett*, 1 Caines Cas. 1.

It follows that the power has been duly executed, and the mortgagee has become the absolute owner of the estate, and that the plaintiff, having joined in the mortgage by way of releasing her dower, is not entitled to redeem. *Bill dismissed.*