CASE No. 915.

ROBINSON v. AMATEUR ASSOCIATION.

1. A sale by a mortgagee of the mortgaged premises under a power conferred in the mortgage, and in strict compliance with the conditions of the power, is valid, and bars the equity of redemption; and at such sale the mortgagee may, himself, become the purchaser, if so authorized by the terms of the power conferred.
2. Such sale will not be set aside, because the terms of the contract were hard, the interest high, and the advertisement (which followed the description given in the mortgage) not sufficiently descriptive.
3. Mere inadequacy of price is not sufficient ground for setting aside such a sale, unless the inadequacy is so great as to furnish evidence of fraud.

---

Before ALDRICH, J., Charleston, December, 1879.

Controversy without action upon an agreed state of facts. The bond of plaintiff, Robinson, to Mordecai matured in two years, interest from date, at rate of ten *per cent. per annum*, payable quarterly in advance, the failure to pay these installments of interest when due, and also to pay state, county and city taxes upon the mortgaged premises, and to keep the buildings insured and in good repair, to be a forfeiture of the bond. The bond and mortgage were assigned by Mordecai to the defendant, the Amateur Literary and Fraternal Association of Charleston. The advertisement of the property by defendant was for three weeks, and described the property in the words of the description given in the mortgage, no mention being made of buildings in either, but there was a covenant in the mortgage that the mortgagor would "insure the house and buildings on said lot." The other material facts are stated in the opinion.

*Mr. T. M. Mordecai,* for appellant.

*Mr. E. A. Marshall,* contra.

1. Although the validity of mortgages, with powers of sale, has been generally recognized, sales under such powers are scrutinized by the courts with great care, and will not be sustained unless conducted with all fairness, regularity and scrupulous integrity; the mortgagee being considered and treated as a trustee. *Perry on Trusts,* (2d ed.) § 602, *a, b, etc.; Sugd. on Vendors,* (8th Am. ed.) *Vol. I.,* 87, 96; 3 *Metc.* 311; 3 *Meriv.* 207; 2 *Giffard* 108.

2. When such mortgages contain a clause authorizing the mortgagee to become purchaser, and he avails himself of this privilege, thus acting as vendor and vendee, (characters that are inconsistent for "*emptor emit quam minimo potest, venditor vendit quam maximo potest,*") he is required to exercise unusual good faith and fairness, and if it appears that he has not used the best means to realize the largest amount of money, and the price is grossly inadequate, such sale will be set aside on application of the mortgagor within a reasonable time, and said mortgagor allowed to redeem. See 14 *Allen* 369; 115 *Mass.* 353; 122 *Mass.* 122.

3. Considering the mortgagee as trustee, he will not be allowed to speculate in trust property, and should he, after purchasing property of his *cestui que trust* (even though *bona fide*), re-sell or attempt to re-sell at a larger price, the first sale may be set aside, or the profit must go to his *cestui que trust* or mortgagor. *Perry on Trusts*, (2d ed.) §§ 254, 602, v.; *Willard's Eq. Jur. (Potter's ed.)* 186, 188; *Story's Eq. Jur.*, §§ 321, 322; 1 *McC. Ch.* 390; 4 *Rich. Eq.* 167; 7 *S. C.* 201.

The respondent asks that the appeal in this case be dismissed, and the judgment of the court below sustained on the grounds—

1. That the mortgagees did not exercise reasonable diligence and good faith in protecting the mortgagor's interest.

2. That the property was not sufficiently advertised to attract purchasers. 2 *Jones on Mort.*, §§ 1839, 1852, 1858.

3. That the mortgagees bought at a grossly inadequate price, and attempted to re-sell at a large profit to themselves. 4 *Desaus.* 715.

4. That constructive fraud will be presumed from the various circumstances of the case.

September 6th, 1880. The opinion of the court was delivered by

McGOWAN, A. J. This is a case submitted, containing the facts agreed upon by the parties. On November 27th, 1877, Alexander Robinson executed a bond to T. Moultrie Mordecai, Esq., for $450 borrowed money, and at the same time, to secure the bond, gave a mortgage of a house and lot in the city of Charleston, which contained the following power to sell: "But in case of non-payment of the said bond, with the interest thereon, or any part thereof, &c., then and in such case it may be lawful for the said T. Moultrie Mordecai, his heirs, executors, administrators and assigns, and the said Alexander Robinson doth hereby empower and authorize the said T. Moultrie Mordecai, his heirs, executors, administrators or assigns, to grant, bargain, sell, release and convey the said premises, with the appurtenances, at public auction or vendue, at which sale they or any of them, shall have the right to become the purchasers of the said premises, and on such sale to make and execute to the

purchaser or purchasers, his, her or their heirs or assigns, for ever, a conveyance in fee of the said premises, free and discharged from all equity of redemption," &c.

On January 3d, 1878, Mordecai, for value, assigned the bond and mortgage to the defendant corporation, who, Robinson having made default, advertised, under the power in the mortgage, the premises for sale, and sold them at public outcry April 15th, 1879, both the plaintiff and the officers of the defendant corporation being present at the sale. The corporation bid off the property for $400, complied with the terms of sale, received title and went into possession.

Subsequently the property was offered for sale at auction and bid off by one Francis Ryan for $850, but he refused to comply with the terms of sale, as in the meantime this controversy about the title had arisen.

On August 25th, 1879, Robinson made the claim that the first purchase by the defendant corporation was void, which they denied, insisting that the deed to them and possession under it, made their title absolute. The question was submitted to the court, the Circuit judge set aside the sale and adjudged that the plaintiff was entitled to redeem. The defendant appeals to this court on several grounds, but they may all be considered under the first exception, which is as follows : " Because the sale under the power and the purchase thereunder, and the conveyance in conformity therewith, and the voluntary surrender of the premises by the plaintiff to the defendant under the conveyance, made the title of the defendant absolute, and there was and is no equity of redemption in the plaintiff."

It may now be regarded as established in South Carolina that a mortgagor may, by provision in the mortgage, confer upon the mortgagee the power to sell the mortgaged premises to pay, in case of default, the debt secured. *Mitchell* v. *Bogan*, 11 *Rich.* 686 ; *Webster* v. *Brown and Hammett*, 2 *S. C.* 428 ; 2 *Jones on Mort.* 1752. In the case of Mitchell *v.* Bogan, the court say : " This power to sell real estate, conferred by the mortgagor on the mortgagee, is not familiar in our observation, but it is not liable to any legal objection. * * * Enough upon this subject may be seen by consulting *Coote on Mort., Ch. VI.*, 124."

A sale under such a power is equivalent to a sale and purchase under a decree in equity, and will cut off all right of redemption, provided the mortgagee faithfully discharge, in all respects, the duties imposed upon him as donee of the power. 2 *Jones on Mort.* 1897; *Hall* v. *Bliss,* 118 *Mass.* 558. But while the courts will not set aside powers authorizing the creditor, who is the interested party, to sell lands mortgaged for the reason that they *are the contracts of the parties themselves,* yet such powers may be so easily used for purposes of oppression that they scrutinize sales made under them very closely.

The plaintiff Robinson executed a mortgage in which he expressly conferred upon the mortgagee or his assignee the power to sell upon default and to be the purchaser himself. The mortgagee assigned the bond and mortgage to the defendant corporation, and upon default they advertised, sold at public auction and purchased themselves—all of which they had, by terms of the plaintiffs' own warrant, the right to do; then why should their purchase be set aside? It is not alleged that they did not have express authority to do what they did do, and, therefore, if there is good ground to set aside the sale, it must in some way relate to *the manner* in which the sale was made. The case submitted contained no statement that the defendant corporation was guilty of any *actual fraud* in selling the house and lot which they purchased. Fraud being a *fact,* should have appeared in the case, but not appearing is taken *not* to exist. A number of single facts are stated in the case, and it seems that the question intended to be submitted is, whether these unconnected facts, all taken together, constitute *constructive fraud* sufficient to set aside the sale.

The decree of the Circuit judge sets aside the sale, but upon what ground it does not state. The case submitted charges no *actual fraud,* the Circuit decree charges none, unless it may be involved in the order setting aside the sale. We are left to reach an original conclusion as to the *bona fides,* from the facts stated, viz., the advertisement, purchase by the mortgagees, and the prospect of a re-sale at an advanced price. The grounds upon which the decree is based appear no where, unless it may be in the argument of counsel. It is there urged that the terms of the

bond were hard, interest 'high, &c. That is no ground to set aside the sale. The plaintiff made his own contract, signed the bond and mortgage, and the defendant purchased them as they stood. It is said again that the property was not sufficiently advertised to attract purchasers. It would seem 'to be a full answer to this that the advertisement described the premises in the identical terms by which they were described in the mortgage by the plaintiff himself, with the omission only of the words "with the buildings thereon." The land included whatever buildings were on it, and the words "buildings thereon," would have been mere surplusage, unless the omission was with a corrupt motive, which is not charged.

It is also said that the defendant corporation, as assignee of the mortgagee, purchased at their own sale, which is not allowable. The terms of this mortgage expressly authorized the mortgagee to purchase at his own sale under the power given, and that made clear the right, which, without such express agreement, might have been doubtful. 2 *Jones on Mort.* 1876; *Hall* v. *Bliss,* 118 *Mass.* 560. But it is insisted that if there is nothing in any of the other points the lot was sold at a very inadequate price, and that alone is sufficient to set aside the sale. The inadequacy here is denied. When a public sale is open and fair, in all respects free from fraud, mere inadequacy of price is not sufficient to set aside a sale, unless the inadequacy is such as to furnish evidence of fraud upon the part of the mortgagee, which is not alleged here.

Looking at all the facts with a strong sense of the necessity of scrutinizing such sales very closely, we are unable to see any such want of fairness or good faith in these proceedings as would authorize us to set aside the conveyance to the defendant, based on the sale of April 15th. On the contrary, the acts of the plaintiff himself would seem to confirm the conclusion that there was no want of fairness or good faith. The sale was advertised regularly, and, besides, the plaintiff received personal notice. He was present at the sale and made no objection, without any murmur of complaint he yielded possession to the defendant and seemed satisfied until they had the prospect of selling the prop-

·erty at an advanced price, when he put forward his claim to re-deem under the mortgage. It seems to us too late.

The Circuit decree is reversed and the case remanded for such ·orders as may be necessary.

WILLARD, C. J., and McIVER, A. J., concurred.