WOONSOCKET INSTITUTION FOR SAVINGS *vs.* AMERICAN WORSTED COMPANY *et als.*

A mortgagee purchasing at his mortgage sale under Pub. Laws R. I. cap. 719, of June 20, 1878, may by deed convey the purchased property directly to himself.

Such deed of conveyance is an execution of the powers contained in the mortgage, and is to be construed as the deed of the mortgagor when the powers were created.

Under a mortgage containing the usual powers of sale making the mortgagee, his executors, administrators, and assigns the attorneys irrevocable of the mortgagor, and giving full power of substitution, an assignee of the mortgagee after default advertised and sold the property. The advertisement did not give the name of the assignee, nor cite the record of the assignment, nor show that it ever was recorded. The assignee purchased the property and conveyed it to himself.

*Held,* that the advertisement was sufficient, and that the sale and conveyance were valid.

BILL IN EQUITY for specific performance.

*February* 19, 1881. DURFEE, C. J. This is a suit in equity to enforce the specific performance of a contract between the complainant corporation as vendor, and the defendant corporation as purchaser, for the sale and purchase of certain real estate. The estate, on January 20, 1868, belonged to one Simeon S. Cook, and on that day was mortgaged by him to one Willis Cook, who, on June 20, 1879, assigned the mortgage to the complainant. The mortgage contained the usual power of sale, constituting the mortgagee, his executors, administrators, and assigns the attorney or attorneys irrevocable of the mortgagor, with full powers

of substitution, and authorizing him or them, in case of default, after advertisement, to sell the mortgaged estate at public auction, and to convey it to the purchaser either in the name of the mortgagor, or in his or their own name or names.

The assignment of the mortgage contained a substitution of the complainant as assignee to the place of the mortgagee as attorney for the mortgagor under the power of sale. On July 15, 1879, the complainant, after advertisement, in which it gave notice of its intention to bid, under Pub. Laws R. I. cap. 719, of June 20, 1878, sold the estate at public auction to itself, being the highest bidder, and thereupon conveyed it in its own name, without the intervention of any other party, directly to itself. The defendant is willing to take the estate in fulfilment of its contract if the complainant has a good title, but questions the title on two grounds.

The first ground is that the conveyance by the complainant to itself was void, because no person can be grantor and grantee at the same time. It seems to us, however, that the real question is whether the conveyance was an execution of the power, for if it was, then it was in legal effect the conveyance, not of the complainant, but of the mortgagor, and is to be construed as if the mortgagor had made it when he delegated the power to make it. 4 Kent Comment. *327–*337. In *Hall* v. *Bliss*, 118 Mass. 554, a conveyance by a mortgagee directly to himself under a similar power, which, however, expressly authorized him to purchase, was held to be valid. In the case at bar no authority was given to the mortgagee or his assignee to purchase, either by the mortgage deed or by the power in it; but such an authority was given, under conditions which were duly observed, by a statute of the State, Pub. Laws R. I. cap. 719, of June 20, 1878, and, for aught that we perceive, authority so given is equivalent to authority expressly given in the power of sale. We think that the case at bar is not distinguishable in principle from *Hall* v. *Bliss*, which in our opinion was rightly decided.

The second ground is that the advertisement did not disclose the name of the assignee of the mortgage, nor the place of the record of the assignment, nor even the fact that it was recorded. In *Fitzpatrick* v. *Fitzpatrick*, 6 R. I. 64, 73, this court held that

an advertisement of a mortgagee's sale was good though not signed by the mortgagee or his assignee. The defendant contends that here the signature was necessary, because the advertisement contained a notice by the assignee, given in compliance with the statute, of his intention to bid at the sale. We do not see that this makes a difference. The notice is required for the mortgagor, to enable him if he sees fit to take measures to protect his interests. To make it effectual for this purpose the signature is not necessary. We think too that it was not necessary for the advertisement to show the place where, or the fact that, the assignment was recorded. Indeed the recording of the assignment, though here it was recorded, was not indispensable to the validity of the sale. *Montague* v. *Dawes*, 12 Allen, 397; *Jackson* v. *Colden*, 4 Cow. 266.

A decree for specific performance may therefore be entered.

*Decree accordingly.*

*Francello G. Jillson*, for complainant.
*Thomas C. Greene*, for respondent.