# Knox v. Armistead.

### Bill in Equity by Mortgagor, for Redemption.

1. *Purchase by mortgagee, at sale under power.*—When a mortgage contains an express provision authorizing the mortgagee to purchase at a sale under the power, and he does become the purchaser, the mortgagor can not disaffirm the sale, and be allowed to redeem, except upon the allegation and proof of facts which would invalidate it if a third person had become the purchaser.

| 87 | 511 |
|---|---|
| 98 | 91 |
| 98 | 579 |
| 87 | 511 |
| 103 | 298 |
| 87 | 511 |
| 120 | 7 |
| 87 | 511 |
| 124 | 348 |

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 10th October, 1887, by Edward N. Knox, against William B. Armistead and Elliott S. Armistead; and sought to set aside a sale of land under a power in a mortgage, which the complainant and his wife had executed to the defendants as partners doing business under the name of W. B. Armistead & Son, and to redeem. The sale under the mortgage was made on the 28th December, 1885, said E. S. Armistead becoming the purchaser; and the complainant claimed that his equity of redemption was not thereby cut off. The chancellor dismissed the bill, on demurrer and motion, for want of equity; and his decree is now assigned as error.

R. M. WILLIAMSON, for appellant.

SAYRE, STRINGFELLOW & LEGRAND, *contra*, cited Jones on Mortgages, §§ 1883, 1876; Jones on Chat. Mortgages, § 806; Boone on Mortgages, § 220; 3 Pom. Equity, p. 171, § 1193; Tied. Real Property, § 365; Story's Equity, 12th ed., § 1027, note 3; 2 Perry on Trusts, § 602; *Elliott v. Wood*, 45 N. Y. 71; s. c., 53 Barb. 285; *Hall v. Bliss*, 118 Mass. 554; *Dexter v. Shepherd*, 117 Mass. 480; *Montague v. Dawes*, 14 Allen, 369; *Robinson v. Amateur Asso.*, 14 S. C. 148; *Ramsay v. Merriam*, 6 Minn. 168; 52 Ill. 130; 6 Texas, 174; 50 Texas, 203.

McCLELLAN, J.—On March 20, 1885, the appellant—being joined therein by his wife, Daisy Knox—executed to the appellees a mortgage on certain lands to secure them against a contingent liability, which they had assumed as accommodation acceptors for him.

The mortgage contained a power of sale and an authorization to the mortgagees to purchase at any sale that should be had thereunder, in the following words: "In the event of said sale, the said W. B. Armistead & Son, or either of them, their heirs, assigns, agents or attorneys are authorized and empowered to purchase said property the same in all respects as if they were strangers to this conveyance. And should they so purchase said property, the auctioneer making said sale is hereby directed and empowered to make and execute a deed to them for the same. And we do covenant with the said W. B. Armistead & Son, that we will forever warrant and defend the title so made against the lawful claims and demands of all persons." The mortgagees, having had to pay their acceptance, sold the land under and in conformity with the mortgage, and, as alleged in the bill, Elliott Armistead, one of the firm of W. B. Armistead & Son, became the purchaser, and with the said W. B. took, and has since held, possession of said land. The bill filed by E. N. Knox, relying on the naked facts above stated, and without in any manner, or with respect to any matter connected directly or indirectly with the transaction, imputing fraud or unfairness, or bad faith, or oppression, or inadequacy of price, or a failure to comply with the terms of the instrument, "disavows said sale as an execution of the mortgage," and seeks to redeem the land from the mortgagee upon such terms as to the court may seem just. There was a demurrer

to, and a motion to dismiss the bill for want of equity.   The demurrer was sustained, the bill dismissed, and the decree of the Chancery Court to that end is here assigned as error.

It is well settled in this State, in consonance with the general doctrine elsewhere, that where a mortgagee purchases at a sale made under a power to that end contained in the mortgage, the instrument not authorizing the mortgagee to become the purchaser, he thereby "arms the mortgagor with the option, if expressed in a reasonable time, of affirming or disaffirming the sale, and this without reference to the fairness of the sale, or the fullness of the price." *Garland v. Watson*, 74 Ala. 324; *Harris v. Miller*, 71 Ala. 26; *Ezzell v. Watson*, 83 Ala. 120.

Such sales, it is manifest, are not absolutely void, but voidable only at the election of the mortgagor.   Doubtless he might effectually ratify the sale immediately after its consummation, so at least as to put on him the *onus* of affirmative impeachment of its fairness in any subsequent attack he might make upon it.   It is axiomatic, that an act which may be ratified is *in limine* capable of authorization.   The point appears never to have been passed on in this court, but all the text-writers and adjudications of other courts, while maintaining in its severest integrity the doctrine of the cases cited above, are equally pronounced in the assertion of the correlative principle, that the mortgage may expressly confer the power and authority to purchase upon the mortgagee, and his exercise of that power in good faith will not vitiate the sale.—Perry on Trusts, § 625; Tiedeman Real Prop. p. 290, § 365; 2 Story Eq. Jur. § 1027, n. 3; 2 Jones on Mortg. § 1883; *Elliott v. Wood*, 45 N. Y. 71; *Hall v. Bliss*, 118 Mass. 554; *Robinson v. Amateur Asso.*, 14 S.C. 148.

Mortgagors are allowed to redeem from a mortgagee who has purchased under a power which did not authorize him to do so, on the theory, that there has been no sale made— no valid execution of the power.   It would be to the last degree anomalous to allow that theory to obtain with respect to a sale and purchase made in strict harmony with the terms of the instrument, and in strict compliance with an authorization which all the cases concur in holding the mortgagor was fully competent to make and bind himself by.   To so hold would be to render nugatory an important stipulation of the contract, entirely within the competency of the parties to enter into, and not offensive to any principle of law.—Perry on Trusts, p. 166, § 602y; *Doolittle v. Lewis*, 7 Johns. Ch. 45.

33

The true rule, we apprehend, is stated in Jones on Mortgages to be, that the court will not interfere with a purchase by a mortgagee under such a provision, unless there be some other objection, which would generally invalidate a purchase by any one else under the same circumstances.—2 Jones on Mortg. p. 730, § 1883.

The effect of such authorization is, at least, to waive the mortgagor's right to treat the trust as continuing, and to redeem from the purchasing mortgagee, without reference to the fairness of the sale, and to put upon him the *onus* of impeaching the transaction by appropriate allegation sustained by that measure of proof which is ordinarily essential to support affirmative averments. The bill in this case is devoid of such allegations, as we have seen; and the demurrer to it for want of equity was properly sustained.

Affirmed.