Tidd v. Grimes.

---

CHARLES E. TIDD v. C. K. GRIMES.
No. 12,989.   (71 Pac. 844.)

SYLLABUS BY THE COURT.

TAXATION — *Publication of Sale Notice.* A tax-sale notice published once in each week for four consecutive weeks prior to the day of sale complies with the requirements of section 7639, General Statutes of 1901, although the first publication was made twenty-five days only before the sale.

Error from Stafford district court; ANSEL R. CLARK, judge.   Opinion filed March 7, 1903.   Reversed.

*F. W. Casner,* and *Paul R. Nagle,* for plaintiff in error.

*Israel Moore,* and *George E. Moore,* for defendant in error.

26—66 KAN.

The opinion of the court was delivered by

SMITH, J. : This was an action of ejectment. The plaintiff below based his right to possession on a tax deed. The trial court held that the deed was invalid for the reason that the tax-sale notice upon which the deed was based was published for twenty-five days only before the sale, but found that it was printed once in each week during four consecutive weeks prior to the day of sale, the first publication being on August 6, the second on August 13, the third on August 20, and the fourth on August 27. The sale was had on September 1.

The tax law (Gen. Stat. 1901, § 7639) provides that the county treasurer shall cause a notice to be published "once in each week for four consecutive weeks prior to the day of sale." We think the requirements of the statute were satisfied by the publication made.

The question has received consideration by other courts. In *Frothingham v. March*, 1 Mass. 247, it was held, under a statute which required notice of a judicial sale to be published "three weeks successively," that the law was complied with if the notice was printed once in each week for the time specified. See, also, *Dexter v. Shepard*, 117 Mass. 480. In *Early v. Doe*, 16 How. (U. S.) 610, 616, 14 L. Ed. 1079, the court was called on to consider the sufficiency of a tax-sale notice which was required by law to be published "once in each week for at least twelve successive weeks." It was concluded that the use of the words "at least" in the statute required the first publication to precede the sale eighty-four days. The court, however, said :

"So there were eleven insertions of the notice in the newspaper in different weeks (making, with the

first, twelve) after the expiration of the week from the first insertion, and the point to be settled is, whether the statute means that twelve insertions in successive weeks is sufficient notice, without respect to the number of days in twelve weeks.   We do not doubt if the statute had been 'once in each week for twelve successive weeks' . . . that it might very well be concluded that twelve notices in different successive weeks, though the last insertion of the notice for sale was on the day of sale, was sufficient."

In *Watkins v. Inge*, 24 Kan. 612, 617, although the case turned on the question of the continuity of the notice, yet it was said, in commenting on the words of the statute under consideration : "Therefore, as the publication of the list and notice was commenced after March 1, in 1874, and published once in each week for four consecutive weeks prior to the sale, the statute was complied with."

How long and when tax-sale notices shall be published is a matter of legislative direction.   We think the publication in the present case satisfied the statute.

The judgment of the court below will be reversed and a new trial ordered.

All the Justices concurring.