## NATIONS v. FIRST REAL ESTATE & INVESTMENT CO. et al.   (No. 2153.)

Court of Civil Appeals of Texas. El Paso.
Feb. 7, 1929.

Jones, Goldstein, Hardie & Grambling, of El Paso, for appellant.

Turney, Burges, Culwell & Pollard, of El Paso, for appellees.

PELPHREY, C. J. This is a trespass to try title suit by J. H. Nations against the First Mortgage Company of El Paso, Tex., and the First Real Estate & Investment Company. The land involved consists of 11 sections of land and 2 scrap surveys, all located near Fort Bliss, Tex.

Appellees disclaimed as to 3 of the tracts, and, the court having announced that there was no issue of fact to present to a jury, appellant requested a peremptory instruction in his favor for all of the land involved, except that described in a deed from J. H. Nations and wife to the First Mortgage Company,

dated October 4, 1922, while appellees requested an instruction in their favor for all of the land except the 3 tracts disclaimed.

The trial court gave the instruction requested by appellees, and judgment was entered in favor of appellees for all the land claimed by them.

From that judgment an appeal has been perfected to this court.

### Opinion.

Appellant presents two propositions upon which he asks for a reversal of the judgment, namely: (1) That the court erred in refusing to give the instruction requested by him, and (2) that the court erred in giving the instruction requested by appellees.

It is agreed by the parties that the following question of law is the sole question presented for our determination: "Where a trustee has posted notice of sale in accordance with a deed of trust, and the mortgagor, who is also the owner of the land, files a voluntary petition in bankruptcy before the time of the sale to be held and the sale is held after such filing, but before the adjudication of bankruptcy, is such sale void?"

We think this question has been settled in this state by the decision in Bray v. Aikin, 60 Tex. 688, a decision by the Commission of Appeals, but adopted by the Supreme Court.

Aikin brought the suit against Bray and wife for the recovery of 197 acres of land, sued out a writ of sequestration, and, defendant failing to replevy, he replevied. From a verdict and judgment in favor of Aikin, Bray and wife appealed.

The record discloses that on the 4th day of April, 1876, Bray was adjudged a bankrupt, and that subsequent thereto, and on the same day, the land was sold by the trustee named in a deed of trust.

In the answer of defendants they charged that the sale by the trustee was void, because made after Bray had been adjudged a bankrupt. The trial court sustained an exception to the answer, and that ruling was presented as error.

Appellants presented the following proposition based on their assignment: "The trustee's sale made by J. D. Wortham, after Bray was adjudged a bankrupt, was without right, null and void, and conferred on Aikin, the purchaser, no title."

It can readily be seen that the same question involved in that case is the one now presented to us for determination, except, in the present case, Nations had merely filed his petition in bankruptcy, and there had been no adjudication of such fact in the bankruptcy court.

The court, after setting forth the proposition, supra, used this language: "We cannot accept this as the law. See Bump (10th Ed.) p. 177. It must be borne in mind that Bray

had given this deed of trust to Wortham with power of sale long before his bankruptcy, though the power was executed afterwards."

The court then quoted from the case of Hall v. Bliss, 118 Mass. 554, 19 Am. Rep. 476, as follows: "The power, being coupled with an interest in the estate conveyed, could not be revoked by the mortgagor; and the authority of the mortgagee to execute it in the mortgagor's name, and as his attorney, was not affected by the bankruptcy; for his assignee could only take subject to the rights of the mortgagee."

We have examined a long list of authorities presented by the parties in their briefs, and have found many which support the holding in the Bray v. Aikin Case, supra, but we deem it unnecessary to either cite or discuss them here.

We have concluded that the sale made by the trustee was a valid one, and that the trial court did not err in giving the instruction complained of.

The judgment of the trial court is accordingly affirmed.